Daniel SEGOVIA, Plaintiff—Appellant,

v.

COUNTY OF LOS ANGELES, Erroneously Sued as Los Angeles County Board of Supervisors, Defendant—Appellee.

No. 01–55752.
D.C. No. CV–98–10254–AHM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2002.*

Decided July 10, 2002.

Before ALARCÓN, SILVERMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Daniel Segovia was an inmate at the Los Angeles County jail when he was attacked by other inmates and seriously injured. He sued the County of Los Angeles under 42 U.S.C. § 1983, claiming deliberate indifference to his safety under the Eighth Amendment, and now appeals the district court's grant of summary judgment for the County. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

procedural history of the case, we will not detail them here except as necessary. We review a district court's grant of summary judgment de novo. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000).

"The [Eighth] Amendment ... imposes duties on [jail] officials, who must provide humane conditions of confinement; [jail] officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks omitted). In order to succeed on an Eighth Amendment claim challenging conditions of confinement such as failure to ensure inmate safety, a plaintiff must make two showings. First, he must show that the alleged deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The County apparently concedes that the harm that befell Segovia is sufficient to meet this standard. "Second, the plaintiff must make a 'subjective' showing that the ... official acted 'with a sufficiently culpable state of mind.'" *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000) (*quoting Wilson,* 501 U.S. at 298). The requisite state of mind is "deliberate indifference," which is "more than ordinary lack of due care .... It is obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). While a showing of actual purpose or "express intent to punish" is not required, *Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir. 1986), negligence is insufficient for an Eighth Amendment claim.

■ Segovia does not allege that, prior to the attack, his jailers were aware that he was in danger or even that he himself knew of the danger. Nor does he claim that he warned jail officials prior to the incident. Rather, his argument focuses on factors he claims contributed to the jail's generally dangerous environment, such as whether jailers should have permitted more than one door in the gang module to remain open at a time. Such arguments, however, go only to whether individual jailers may have been negligent. We agree with the district court that summary judgment for the County was appropriate.

■ Moreover, even if Segovia could show a violation of his Eighth Amendment rights by the jailers on duty, he cannot hold the County of Los Angeles, the only extant defendant, vicariously liable for the violation. "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably." *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 406–07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). While a county or other local government body is a "person" for purposes of § 1983, municipalities are liable only for rights deprivations pursuant to official custom or policy. *Monell v. Department of Soc. Servs. of New York,* 436 U.S. 658, 690–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). There is no respondeat superior liability under § 1983. *Brown,* 520 U.S. at 403.

Segovia has not shown a causal link between the injury he suffered and official custom or policy of the County. Nor has he shown "the existence of a widespread practice that ... is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (internal quotation marks omitted). Thus, even if he could show a violation of his constitutional

rights, Segovia could not assign liability for that violation to the County of Los Angeles.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.